IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICIA PARKER, | § |
| | § |
| Plaintiff, | § |
| | §  Civil Action No. 3:14-CV-4007-D |
| VS. | § |
| | § |
| EXETER FINANCE CORP., | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

In this action by plaintiff Patricia Parker ("Parker") against defendant Exeter Finance Corporation ("Exeter")—in which Parker, through her counsel, filed an April 10, 2015 notice of settlement—the following six motions are pending: (1) Parker's *pro se* May 18, 2015 motion to withdraw all settlement offers; (2) Parker's *pro se* May 18, 2015 motion to remove attorney of record; (3) Exeter's May 20, 2015 motion to enforce settlement agreement; (4) the May 21, 2015 motion of Jenny DeFrancisco, Esquire ("DeFrancisco") to withdraw as counsel and assert attorney's lien; (5) Parker's *pro se* May 26, 2015 application to proceed in district court without prepaying fees or costs; and (6) Parker's *pro se* May 26, 2015 motion for the appointment of counsel.  The court enforces the settlement agreement, enters a final judgment dismissing this lawsuit, and decides the other motions as set out below.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Parker, represented by DeFrancisco and the Lemberg Law LLC law firm ("Lemberg Law"), filed suit against Exeter in this court in November 2014 seeking to recover for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Parker is alleged to reside in Florida. DeFrancisco and Lemberg Law office in Connecticut. Exeter is alleged to have an address in Irving, Texas. After Exeter was served, but before it filed a responsive pleading, Parker, through her counsel, notified the court on April 10, 2015 that the case had settled. The court closed the case administratively for statistical purposes based on the announced settlement.

On May 6, 2015 Parker filed several *pro se* motions—which the court treated as motions to remove her counsel, reopen the case, and set it for trial, and for a default judgment—challenging the purported settlement.[2] The court denied the motions, principally because it declined in its discretion to permit Parker to proceed *pro se* while simultaneously being represented by retained counsel. The court stated that it would not consider any of her *pro se* filings until she had clearly and unequivocally discharged DeFrancisco and Lemberg Law as her counsel.

The instant motions have been filed by Parker *pro se*, DeFrancisco, and Exeter and

---

[2]After the court denied Parker's *pro se* motion for a default judgment, she filed a *pro se* notice of appeal, and the appeal has been docketed in the Fifth Circuit. *See Parker v. Exeter Fin. Corp.*, No. 15-10461 (5th Cir. May 22, 2015). Because Parker is appealing an unappealable order, the appeal does not deprive this court of subject matter jurisdiction to enter today's rulings or judgment.

are now before the court for decision.

II

The court turns first to Parker's motion to remove attorney of record and DeFrancisco's motion to withdraw as counsel and assert attorney's lien. The court grants Parker's motion to remove attorney of record and DeFrancisco's motion to withdraw as counsel.

DeFrancisco also moves to assert an attorney's lien against the settlement proceeds in accordance with the August 21, 2014 legal services agreement that Parker signed when she retained Lemberg Law as her counsel. Regardless whether this question should be decided under Texas law (where Parker filed suit) or Connecticut law (where DeFrancisco and her law firm office), DeFrancisco is entitled to this relief.

"Under Texas law, a contract may establish an attorney's lien for money received in judgment or settlement of a matter." *Norem v. Norem*, 2008 WL 2245821, at *6 (N.D. Tex. June 2, 2008) (Stickney, J.) (quoting *United States v. Betancourt*, 2005 WL 3348908, at *3 (S.D. Tex. Dec. 8, 2005)). The managing partner of Lemberg Law has offered uncontested evidence that supports the firm's assertion of a contractual attorney's lien.

Connecticut recognizes the availability of an "attorney's charging lien." The concept of an attorney's charging lien is rooted in common law, and is founded on the equitable right of an attorney to recover fees and costs due for services out of the judgment obtained. *Olszewski v. Jordan*, 109 A.3d 910, 913 (Conn. 2015).

> [A]n attorney's charging lien does not merely give the attorney an enforceable right against the property of another, but rather it gives the attorney an equitable ownership interest in the client's cause of action, and the client's property right in his or her own cause of action is only what remains after transfer to the attorney of the attorney's agreed-on share.

*Id.*

The court therefore holds that DeFrancisco is entitled to assert an attorney's lien against the settlement proceeds.

### III

The court next considers Parker's motion to withdraw all settlement offers and Exeter's motion to enforce settlement agreement. The court denies Parker's motion and grants Exeter's motion.

Federal law determines whether a settlement agreement is valid "where [as here] the substantive rights and liabilities of the parties derive from federal law." *Chen v. Highland Capital Mgmt., L.P.*, 2012 WL 5935602 (N.D. Tex. Nov. 27, 2012) (Fitzwater, C.J.) (quoting *Mid-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984)). To enforce a settlement, "[a] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Harmon v. Journal Publ'g Co.*, 476 Fed. Appx. 756, 757 (5th Cir. 2012) (per curiam) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)).

The evidence is undisputed that Parker, through her retained counsel, and Exeter agreed to settle this lawsuit. The record contains the signed settlement agreement. Parker

does not deny that she signed the settlement agreement or that she settled the lawsuit. Instead, she asserts that she has several issues with her attorney, that agreements were made with deceit, and that she was not allowed to make a counteroffer. But issues that Parker may have with her attorney are between her and her attorney, and they do not prove that the settlement agreement is invalid and that it should not be enforced. The court therefore grants Exeter's motion to enforce settlement agreement and denies Parker's motion to withdraw all settlement offers.

IV

Finally, the court considers Parker's application to proceed in district court without prepaying fees or costs, and her motion for the appointment of counsel.

The court denies without prejudice as moot Parker's application to proceed in district court without prepaying fees or costs. Because the court is enforcing the settlement agreement and dismissing this lawsuit, there is no need to grant Parker leave to proceed in this court *in forma pauperis*.[3]

The court also denies Parker's motion for the appointment of counsel. It is clear that Parker agreed to the settlement with Exeter and that the settlement should be enforced, which ends her lawsuit in this court. She is not entitled to appointed counsel for further proceedings

---

[3]It appears from the docket that the clerk of court has treated Parker's application to proceed as having been filed in connection with her notice of appeal from the court's denial of her motion for default judgment. That appeal is likely to be dismissed because Parker is attempting to appeal an unappealable order. *See supra* note 2. If she later appeals and has a basis to seek such relief anew, she can file another motion for the court's consideration.

in this court or on appeal.

* * *

Accordingly, it is ordered that Parker and Exeter shall perform the Settlement Agreement contained at ECF Doc. No. 34 in accordance with its terms, subject to the attorney's lien held by Lemberg Law in the amount of $5,000 and its right to payment from the settlement proceeds held in escrow. This civil action is dismissed with prejudice by judgment filed today.

**SO ORDERED**

August 11, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE